KAPLAN, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIFE RECEIVABLES TRUST,

                       Plaintiff,

       - v. -

GOSHAWK SYNDICATE 102 at LLOYD'S,

                       Defendant.

Civil Action No. 08cv3675(LAK)

ORDER TO SHOW CAUSE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/08

UPON the annexed complaint filed April 17, 2008, the affidavit of Dale C. Christensen, Jr., sworn to April 16, 2008, and the exhibits thereto, and upon the accompanying memorandum of law, and sufficient cause appearing therefore; it is hereby

ORDERED, that defendant Goshawk Syndicate 102 at Lloyd's at show cause before a motion term of this Court, at Room 12D, United States Courthouse, 500 Pearl St., in the City, County and State of New York, New York, at 2:15 p.m. o'clock in the noon on April 24, 2008, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure (i) enjoining the arbitration before the American Arbitration Association's International Centre for Dispute Resolution ("ICDR") entitled GOSHAWK DEDICATED LTD., as the sole Member of Syndicate 102 at Lloyd's for the 2000 Underwriting Year of Account, and KITE DEDICATED LTD., f/k/a GOSHAWK DEDICATED (NO. 2) LTD., as the sole Member of Syndicate 102 at Lloyd's for the 2001-2003 Underwriting Years of Account v. LIFE RECEIVABLES TRUST, and LIFE SETTLEMENT CORPORATION, d/b/a Peachtree Life Settlements, ICDR No. 50 195 T 00119 08 (the "Rescission Arbitration"), and all proceedings therein until the final determination of this matter; (ii) staying the arbitration before the ICDR entitled LIFE RECEIVABLES TRUST v. GOSHAWK SYNDICATE 102 AT LLOYDS, ICDR No. 50-195-T-00372-05 (the "Wang

Arbitration"), and all proceedings therein until the final determination of this matter; and (iii) granting such other and further relief as to the Court seems just and proper; and it is further

~~ORDERED, that, sufficient reason having been shown therefore, pending the hearing and determination of plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Rescission Arbitration and the Wang Arbitration, and all proceedings therein be, and hereby are, enjoined; and it is further~~

*Security in the amount of $____ with be posted by ____,*

ORDERED, that answering papers, if any, shall be served *and filed* no later than ~~5:00 p.m.~~ 3:00 pm on April 23, 2008 ~~by hand upon Seward & Kissel LLP, counsel to Plaintiff~~, and it is further

ORDERED, that reply papers, if any, shall be served *and filed* ~~on counsel for Defendant by~~ ~~hand~~ no later than ~~5:00 p.m.~~ 10 a.m. on April 24, 2008; and it is further

ORDERED, that personal service of this Order to Show Cause and the accompanying papers on behalf of Life Receivables Trust upon

(i) Mendes & Mount LLP, 750 7th Avenue, New York, NY 10019-6829, U.S.A., designated agents for service of process upon defendant Goshawk Syndicate 102 at Lloyd's, and

(ii) Barger & Wolen LLP, Attention R. Steven Anderson, Esq. and Evan L. Smoak, Esq., 10 East 40th St., 40th Floor, New York, NY 10016-0301, counsel for defendant Goshawk Syndicate 102 at Lloyds and its sole members for the 2000 and 2001-2003 years of account respectively, Goshawk Dedicated Limited and Kite Dedicated Limited,

*at or before 2 pm on April 17, 2008 shall be sufficient, and it is further ORDERED, that plaintiff show cause, at the same time and place, why the action should not be dismissed on the ground that the complaint*

does not adequately allege subject matter jurisdiction. See, e.g., FMAC Loan Receivable Trust 1987-C v. Strauss, 2003 WL 1888673 (S.D.N.Y. Apr. 14, 2003).

~~on or before _____ o'clock in the _____ noon, April __, 2008, shall be deemed good and sufficient service thereof.~~

DATED: New York, New York

~~ISSUED: _____ M~~

April 17, 2008

_[signature]_
United States District Judge

SK 23236 0002 872526