Dale C. Christensen, Jr. (DC4441)
Bruce G. Paulsen (BP9563)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004

Attorneys for Plaintiff Life Receivables Trust

JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL, 60611
John H. Mathias, Jr.
Robert T. Markowski
James T. Malysiak
    Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIFE RECEIVABLES TRUST,

                  Plaintiff,

- v. -

GOSHAWK SYNDICATE 102 at LLOYD'S,

                  Defendant.

No. 08 CV 3675

**PLAINTIFFF'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL**

Plaintiff Life Receivables Trust ("LRT"), by its attorneys Seward & Kissel LLP, submits this memorandum of law in support of its motion for an order of voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

LRT respectfully refers the Court to the Affidavit of Bruce G. Paulsen, sworn to April 21, 2008 ("Paulsen Aff.") for a full recitation of the facts relevant to this motion.

## ARGUMENT

Plaintiff LRT commenced this action less than a week ago, seeking injunctive and declaratory relief concerning two arbitrations. Based on concerns that the Court expressed *sua sponte* about subject matter in connection with Plaintiff's order to show cause to stay the arbitrations, LRT upon legal and factual review determined that the appropriate course is to dismiss its claims here and bring them in state court. Under the applicable standards, LRT is entitled to an order dismissing this action without prejudice.

As this Court very recently stated:

> The availability of a dismissal without prejudice lies within the discretion of the district court. In exercising that discretion, a court considers (1) the plaintiff's diligence in bringing the motion, (2) any "undue vexatiousness" on plaintiff's part, (3) the extent to which the suit has progressed, (4) the duplicative expense of relitigation, and (5) the adequacy of plaintiff's explanation for the need to dismiss.

*Soul Circus, Inc. v. Trevanna Entmt., Inc.*, No. 07 Civ. 10597 (LAK), __ F. Supp. 2d ___, 2008 WL 892535, at *2 (S.D.N.Y. Apr. 2, 2008) (citing *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990).

Dismissal without prejudice is appropriate here. First, Plaintiff brings this motion less than a week after filing of the Complaint and prior to the service or filing of an answer or

any other paper by Defendants. Paulsen Aff. ¶ 2. This litigation is still nascent, and LRT has been diligent in seeking the voluntary dismissal of a suit that has not progressed beyond its initial stage.

Plaintiff has also not acted vexatiously. After the Court called Plaintiff's attention to its opinion in *FMAC Loan Receivable Trust 1997-C v. Strauss*, 2003 WL 1888673 (S.D.N.Y April 14, 2003), LRT recognized that there was a subject-matter jurisdiction issue present even though diversity would be established if the relevant analysis were limited to LRT, a Delaware trust, or its Trustee, the Bank of New York. Paulsen Aff. ¶¶ 3-4. LRT evaluated those issues and also analyzed whether there were any other potential bases for subject matter jurisdiction. Paulsen Aff. ¶ 4. Immediately on making its determinations, Plaintiff informed Defendants' presumptive counsel of its intention on Sunday afternoon, April 20 (Paulsen Aff. ¶ 6 and Ex. 2) and notified the Court on Monday morning, April 21 (Paulsen Aff ¶ 7 and Ex. 3). Plaintiff has taken the Court's concern about the existence of subject matter jurisdiction with the utmost seriousness and acted promptly in response to it.

The expense of litigation will not be duplicative. Defendant has had to file no papers or even appear yet herein. Because any subsequent litigation will cover essentially the same issues as in this litigation, any effort that Defendant has put in over three or four days will not be wasted.

Finally, Plaintiff's explanation is more than adequate. Rather than bog the action down in issues of jurisdiction that are collateral to the merits, dismissal and refiling in state court will allow for prompt and efficient litigation of the central issues in this case. Further, were the Court ultimately to dismiss for lack of subject matter jurisdiction, that dismissal itself would be without prejudice. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).

## **Conclusion**

For the foregoing reasons, the Court should issue an order dismissing this action without prejudice, and grant such other and further relief as to the Court may seem just and proper.

New York, New York
April 22, 2008

                Respectfully submitted,

                SEWARD & KISSEL LLP

                /s/ Bruce G. Paulsen
                By:   Dale C. Christensen, Jr. (DC4441)
                       Bruce G. Paulsen (BP9563)
                One Battery Park Plaza
                New York, New York  10004
                Tel: (212) 574-1200

                *Attorneys for Plaintiff*
                *Life Receivables Trust*

                JENNER & BLOCK LLP
                330 N. Wabash Ave.
                Chicago, IL, 60611
                John H. Mathias, Jr.
                Robert T. Markowski
                James T. Malysiak
                    *Of Counsel*

SK 23236 0002 876173