Dale C. Christensen, Jr. (DC4441)
Bruce G. Paulsen (BP9563)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004

*Attorneys for Plaintiff Life Receivables Trust*

JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL, 60611
John H. Mathias, Jr.
Robert T. Markowski
James T. Malysiak

*Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFE RECEIVABLES TRUST,<br><br>                              Plaintiff,<br><br>- v. -<br><br>GOSHAWK SYNDICATE 102 at LLOYD'S,<br><br>                              Defendant. | No.08 CV 3675<br><br>**AFFIDAVIT OF BRUCE G. PAULSEN IN SUPPORT OF MOTION FOR AN ORDER OF VOLUNTARY DISMISSAL** |

STATE OF NEW YORK     )
                     :     ss.:
COUNTY OF NEW YORK   )

BRUCE G. PAULSEN, being duly sworn, deposes and says:

1. I am a member of the firm of Seward & Kissel LLP, attorneys for plaintiff herein. I am familiar with the facts of this action, and make this affidavit based on documentary records available to me and other information. I make this affidavit in support of Plaintiff's motion, made by way of order to show cause, for an order pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure dismissing this case without prejudice.

2.     LRT filed this case, along with a motion for preliminary injunction, on April 17, 2008. LRT sought by motion brought on by order to show cause to enjoin certain arbitration proceedings instituted by defendant on the grounds that the parties have no agreement to arbitrate, the issues raised in the arbitrations are non-arbitrable, and defendant has failed to satisfy a condition precedent to the filing of its arbitration demands.

3.     The Court set a briefing schedule on LRT's preliminary injunction motion and scheduled a hearing for April 24, 2008. However, the Court also *sua sponte* ordered that LRT show cause why its case should not be dismissed for lack of subject-matter jurisdiction. The Court cited its decision in *FMAC Loan Receivable Trust 1997-C v. Strauss*, 2003 WL 1888673 (S.D.N.Y April 14, 2003), which addressed the citizenship of a trust for purposes of diversity jurisdiction. A copy of the Order to Show Cause issued by the Court on April 17 is attached hereto as Exhibit 1.

4.     After the Court called our attention to its prior opinion in *FMAC Loan Receivables Trust*, LRT, upon review, recognized that there was a subject-matter jurisdiction issue present even though diversity would be established if the relevant analysis were limited to LRT, a Delaware trust, or its Trustee, the Bank of New York. LRT evaluated those issues and also analyzed whether there were other potential bases for subject matter jurisdiction.

5.     LRT concluded that none of the alternatives it evaluated would necessarily eliminate the subject-matter jurisdiction question raised by the Court.

6.     Consequently, LRT has decided to move for voluntary dismissal of this case without prejudice and to refile its complaint and motion in state court. Defendant's counsel in the underlying arbitrations was given immediate notice of that decision on Sunday, April 20, 2008. A copy of Plaintiff's e-mail of April 20, 2008 is attached hereto as Exhibit 2.

7. By letter dated Monday, April 21, 2008, Plaintiff notified the Court (and defendant's counsel) of its intention to dismiss the action and withdrew its motion for a preliminary injunction. A copy of Plaintiff's April 21, 2008 letter is attached as Exhibit 3.

8. In light of the exigencies explained in LRT's motion for a preliminary injunction, LRT seeks to shorten the time for defendant's response to LRT's motion to dismiss. Under the Court's original schedule, defendant was to respond to LRT's motion for a preliminary injunction by Wednesday, April 23, 2008. LRT now requests that any opposition to LRT's motion for voluntary dismissal be filed by that date. For this reason this motion has been made by way of order to show cause rather than notice of motion.

9. This action and the underlying arbitrations are among several litigations and arbitrations among various permutations of the parties and others. In order to avoid the possibility that the defendant might assert that some party's position in any of the several litigations is affected by the dismissal of this action under Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure, LRT respectfully requests that the Court grant LRT's motion for voluntary dismissal without prejudice. Of course, if the Court had determined that it was without subject matter jurisdiction, the dismissal would have been without prejudice in any event.

10. Therefore, based on the foregoing, LRT asks the Court to dismiss this case without prejudice and without costs to any party.

11. No prior application has been made for the relief sought herein by LRT.

                /s/ Bruce G. Paulsen
                Bruce G. Paulsen

Sworn to before me this
21st day of April, 2008

 /s/ Je Jun Moon
 Notary Public

JE JUN MOON
Notary Public, State of New York
No. 02M06033737
Qualified in New York Country
Commission Expires Apr. 24, 2010

SK 23236 0002 876151

# EXHIBIT 1

Case 1:08-cv-03675-LAK   Document 8-2   Filed 04/22/2008   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFE RECEIVABLES TRUST,<br><br>                             Plaintiff,<br><br>- v. -<br><br>GOSHAWK SYNDICATE 102 at LLOYD'S,<br><br>                             Defendant. | Civil Action No. 08CV3675(LAK)<br><br>ORDER TO SHOW CAUSE<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 4/17/08 |

UPON the annexed complaint filed April 17, 2008, the affidavit of Dale C. Christensen, Jr., sworn to April 16, 2008, and the exhibits thereto, and upon the accompanying memorandum of law, and sufficient cause appearing therefore; it is hereby

ORDERED, that defendant Goshawk Syndicate 102 at Lloyd's at show cause before a motion term of this Court, at Room 12D, United States Courthouse, 500 Pearl St., in the City, County and State of New York, New York, at 2:15 pm on April 24, 2008, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure (i) enjoining the arbitration before the American Arbitration Association's International Centre for Dispute Resolution ("ICDR") entitled GOSHAWK DEDICATED LTD., as the sole Member of Syndicate 102 at Lloyd's for the 2000 Underwriting Year of Account, and KITE DEDICATED LTD., f/k/a GOSHAWK DEDICATED (NO. 2) LTD., as the sole Member of Syndicate 102 at Lloyd's for the 2001-2003 Underwriting Years of Account v. LIFE RECEIVABLES TRUST, and LIFE SETTLEMENT CORPORATION, d/b/a Peachtree Life Settlements, ICDR No. 50 195 T 00119 08 (the "Rescission Arbitration"), and all proceedings therein until the final determination of this matter; (ii) staying the arbitration before the ICDR entitled LIFE RECEIVABLES TRUST v. GOSHAWK SYNDICATE 102 AT LLOYDS, ICDR No. 50-195-T-00372-05 (the "Wang

Arbitration"), and all proceedings therein until the final determination of this matter; and (iii) granting such other and further relief as to the Court seems just and proper; and it is further

~~ORDERED, that, sufficient reason having been shown therefore, pending the hearing and determination of plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Rescission Arbitration and the Wang Arbitration, and all proceedings therein be, and hereby are, enjoined; and it is further~~

*[handwritten: Security in the amount of $___ with be posted by ___]*

ORDERED, that answering papers, if any, shall be served ~~no later than 5:00 p.m.~~ *[handwritten: and filed 3:00 pm]* on *[handwritten: April 23]*, 2008 ~~by hand upon Seward & Kissel LLP, counsel to Plaintiff~~; and it is further

ORDERED, that reply papers, if any, shall be served *[handwritten: and filed]* ~~on counsel for Defendant by hand~~ no later than ~~5:00 p.m.~~ *[handwritten: 10 a.m.]* on *[handwritten: April 24]*, 2008; and it is further

ORDERED, that personal service of this Order to Show Cause and the accompanying papers on behalf of Life Receivables Trust upon

(i) Mendes & Mount LLP, 750 7th Avenue, New York, NY 10019-6829, U.S.A., designated agents for service of process upon defendant Goshawk Syndicate 102 at Lloyd's, and

(ii) Barger & Wolen LLP, Attention R. Steven Anderson, Esq. and Evan L. Smoak, Esq., 10 East 40th St., 40th Floor, New York, NY 10016-0301, counsel for defendant Goshawk Syndicate 102 at Lloyds and its sole members for the 2000 and 2001-2003 years of account respectively, Goshawk Dedicated Limited and Kite Dedicated Limited,

*[handwritten: at or before 2 pm on April 17, 2008 shall be sufficient, and it is further ORDERED, that at the same time and place, plaintiff show cause why this action should not be dismissed on the grounds that the complaint]*

*[Handwritten annotation:]* does not adequately allege subject matter jurisdiction. See, e.g., FMAC Loan Receivable Trust 1987-C v. Strauss, 2003 WL 1888673 (S.D.N.Y. Apr. 14, 2003).

~~on or before ___ o'clock in the ___ noon, April ___, 2008, shall be deemed good and sufficient service thereof.~~

DATED: New York, New York

~~ISSUED: _____ M~~

April 17, 2008

_____
United States District Judge

SK 23236 0002 872526

3

# EXHIBIT 2

## Dine, Jeff

**From:** Dine, Jeff
**Sent:** Sunday, April 20, 2008 5:18 PM
**To:** 'sanderson@barwol.com'; 'esmoak@barwol.com'; 'ashilling@barwol.com'
**Cc:** Paulsen, Bruce
**Subject:** Life Receivables Trust v. Goshawk Syndicate 102 at Lloyd's, No. 08 CV 3675 (LAK) (S.D.N.Y.)

Dear Steven, Evan and Alison:

Because we do not want there to be any possible question relating to the court's subject matter jurisdiction we intend to dismiss the pending federal action and refile in state court.

Sincerely yours,
**Bruce Paulsen**
Seward & Kissel LLP
(212) 574-1533

1

# EXHIBIT 3

# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA

NEW YORK, NEW YORK 10004

Bruce G. Paulsen Esq.
Partner
(212) 574-1533
paulsen@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

1200 G STREET, N.W.
WASHINGTON, D.C. 20005
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

April 21, 2008

BY HAND

Honorable Lewis A. Kaplan
United States District Judge
United States District Court
United States Courthouse
Room 1310
500 Pearl Street
New York, N.Y. 10007-1312

Re: <u>Life Receivables Trust v. Goshawk Syndicate 102 at Lloyd's</u>
Civil Action No. 08 CV 3675 (LAK)

Dear Judge Kaplan:

In light of the issues raised by the Court with respect to federal subject matter jurisdiction in connection with the Order to Show Cause presented by plaintiff on Thursday, April 17th, please be advised that we intend to seek dismissal of the above captioned action and refile in state court. Appropriate papers to that effect will be filed as soon as possible. Our adversaries were advised of this decision yesterday afternoon.

Plaintiff's motion for a preliminary injunction and other relief is hereby withdrawn.

We thank the Court for its consideration of the foregoing.

Very truly yours,

Bruce G. Paulsen.

cc: Barger & Wolen LLP (attn: Steven R. Anderson and Evan L. Smoak) (via e-mail)
Jenner & Block LLP (via e-mail)
Goshawk Syndicate 102 at Lloyd's c/o Mendes & Mount LLP (by hand)

SK 23236 0002 876069